# EXHIBIT A

Filed
D.C. Superior Court
06/22/2020 11:11AM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JOHN DOE MR,<br>c/o Matthew White<br>500 Taylor Street, Suite 301<br>Columbia, SC 29201<br><br>*Plaintiff,*<br><br>v.<br><br>THE ROMAN CATHOLIC DIOCESE OF<br>GREENSBURG<br>723 East Pittsburgh Street<br>Greensburg, PA 15601<br><br>BISHOP EDWARD C. MALESIC<br>723 East Pittsburgh Street<br>Greensburg, PA 15601<br><br>ST. JOHN THE BAPTIST AND ST.<br>JOSEPH (f/k/a SAINT JOSEPH'S<br>ROMAN CATHOLIC CHURCH)<br>416 South Broadway<br>Scottdale, PA 15683<br><br>*and*<br><br>DONALD WUERL<br>4110 Warren St. NW<br>Washington, D.C. 20016<br><br>　　　　　　*Defendants.* | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by his attorneys Janet, Janet & Suggs, LLC, and Paulson & Nace, PLLC as and

for their complaint as to Defendants, respectfully show this Honorable Court and allege upon

information and belief as follows:

1.　　　The Sexual Abuse Statute of Limitations Amendment Act of 2018 amended D.C.

1

Official Code § 12-301(a)(11) such that "the recovery of damages arising out of sexual abuse that occurred while the victim was less than 35 years of age" is permitted up until "the date the victim attains the age of 40 years." Section 5(a)(2) of the Act additionally states that claims for recovery of damages which would have been time-barred before the Act's passage but are not time-barred now were revived.

2.      This case arises out of the sexual abuse that Plaintiff JOHN DOE MR suffered as a minor. He has not yet attained the age of 40 years.

3.      The claim is for negligence; negligent supervision, monitoring, training, and retention; breach of fiduciary duty; constructive fraud; and civil conspiracy to commit fraud, all of which Defendants herein committed upon Plaintiff in or around 1991 to 1997, and for which Plaintiff seeks compensatory and punitive damages.

## THE PARTIES

4.      At all times relevant to the wrongful conduct complained of herein, Plaintiff JOHN DOE MR was a resident of Westmoreland County in the Commonwealth of Pennsylvania. He currently resides in Hawaii and continues to suffer damages there.

5.      Plaintiff alleges that he suffers damages arising out of sexual abuse that occurred while he was a minor.

6.      Defendant DIOCESE OF GREENSBURG (hereinafter, "DIOCESE"), collectively with BISHOP EDWARD C. MALESIC (hereinafter "DIOCESAN DEFENDANTS"), is a non-profit organization with its principal office located at 723 East Pittsburgh Street, Greensburg, Westmoreland County, PA 15601, doing business as an organized religion including but not limited to the ownership, management and operation of parishes and

2

Catholic schools within various counties, including Armstrong, Fayette, Indiana, and Westmoreland.

7.      Defendant BISHOP EDWARD C. MALESIC (hereinafter, "MALESIC") is an individual currently residing at 723 East Pittsburgh Street, Greensburg, Westmoreland County, PA 15601.  He is the current bishop of the Diocese of Greensburg.

8.      Defendant ST. JOHN THE BAPTIST AND ST. JOSEPH (f/k/a SAINT JOSEPH'S ROMAN CATHOLIC CHURCH) (hereinafter, "PARISH") is a parish organized pursuant to Pennsylvania state law operating a Catholic church, currently located at 416 South Broadway, Scottdale, PA 15683. This Defendant is a successor entity to St. Joseph Roman Catholic Church, which, at the time of events at issue, was located in Everson, PA.

9.      Defendant DONALD WUERL (hereinafter, "WUERL") served as Bishop of the Diocese of Pittsburgh from 1988 to 2006 and Archbishop of the Roman Catholic Archdiocese of Washington, D.C. from 2006 to 2018. He currently resides at 4110 Warren St. NW, Washington, D.C. 20016.

10.     Non-party Joseph L. Sredzinski (hereinafter, "Sredzinski") was a priest who served at Saint Joseph's Roman Catholic Church between 1989 and 1999. He died in 2015.

11.     The non-party Bishops of the DIOCESE, by virtue of their office, were empowered by the Vatican to supervise and control all Diocesan priests and order priests assigned to the DIOCESE (including Sredzinski), as well as all employees and/or agents of the DIOCESE, all Diocesan properties and entities (including parishes and schools), and various other Diocesan entities located in the various counties covered by the DIOCESE. Hugh L. Lamb served as Bishop of the DIOCESE for the period of 1951 to 1959; he died on December 8, 1959. William G. Connare served as Bishop of the DIOCESE for the period of 1960 to 1987; he died on June 12, 1995.

Anthony Bosco served as Bishop of the DIOCESE from 1987 to 2004; he died on July 2, 2013; Lawrence E. Brandt served as Bishop of the DIOCESE from 2004 to 2015; he announced his retirement on April 24, 2015.

12.     Non-party the Vatican is an independent state and as such enjoys sovereignty under the exclusive jurisdiction of the Holy See. The Vatican was led by a pope at the times relevant to this Complaint, and acted in concert with the other entities and individuals as identified herein.

## JURISDICTION AND VENUE

13.     The causes of action from which this claim arose occurred in Washington, D.C.

14.     This Court has general personal jurisdiction over WUERL because he is a resident of Washington, D.C. The Court also has personal jurisdiction over all other Defendants because the events at issue all transpired in Washington, D.C. during trips to Washington, D.C. coordinated by the DIOCESE and the PARISH.

15.     This Court has subject matter jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## RELATIONSHIP BETWEEN THE PARTIES

16.     The designated bishop of the DIOCESE was responsible for assigning, transferring, and/or suspending all clergy within the DIOCESE. Clergy serve at the Bishop's pleasure and are subject to their authority.

17.     The DIOCESE, PARISH, and bishops of the DIOCESE were in a superior position to receive sensitive information regarding immoral and criminal conduct pertaining to Sredzinski and other priests that was of critical importance to the well-being of Plaintiff and other children. This information was not available to the Plaintiff or the public.

4

18.     The DIOCESE, PARISH, and bishops of the DIOCESE explicitly and implicitly through their words, actions, and teachings represented to Plaintiff that each of their priests, including Sredzinski, were benevolent and trustworthy stewards of the church who would only act in the best interests of the children whom they served.

19.     The DIOCESE, PARISH, bishops of the DIOCESE, and the priests and nuns employed by the DIOCESE taught Plaintiff to revere, trust, obey, and respect all priests.

20.     Through their words and deeds, the DIOCESE, PARISH, and bishops of the DIOCESE, and the priests and nuns employed by the DIOCESE, invited and encouraged Plaintiff to accept each priest assigned to PARISH and/or other positions within the DIOCESE, including Sredzinski, to be in good standing, to be men who were worthy of being entrusted with children, and to be worthy of the responsibility for Plaintiff's physical and spiritual safety, thereby inducing Plaintiff to entrust himself to the company and care of Sredzinski, and to subject himself to his instructions while on church property and/or in his accompaniment.

21.     As a result of his position as Plaintiff's parish priest and the corresponding trust Plaintiff placed in him, Sredzinski was able to learn private and personal information about Plaintiff that made him a more vulnerable target for abuse.

22.     As a result of his position as Plaintiff's parish priest and the corresponding trust Plaintiff placed in him, Sredzinski was able to use church facilities and church-sponsored events to further his sexual and criminal conduct with Plaintiff.

23.     At all times relevant, Plaintiff entrusted his well-being to the DIOCESE, PARISH, bishops of the DIOCESE, and the priests and nuns employed by the DIOCESE (especially Sredzinski), and they had a corresponding obligation to be solicitous for, as well as protective of, Plaintiff in the exercise of their positions of trust, confidentiality, and moral authority.

24.     A confidential, special, and/or fiduciary relationship existed between the DIOCESE, its bishops, and its priests with Plaintiff.

25.     The DIOCESE, PARISH, bishops of the DIOCESE, and priests and nuns employed by the DIOCESE owed a secular duty to Plaintiff, grounded upon the duty of good faith and fair dealing, to act with the highest degree of trust and confidence. This relationship included the duty to warn, disclose, and protect PARISH children from sexual abuse and exploitation by clerics whom Defendants promoted as being chaste, moral, and trustworthy.

26.     The DIOCESE, PARISH, and bishops of the DIOCESE solicited funds from their parishioners through assessments, direct appeals, and/or tuition, which was a primary incentive to focus on the reputation of the Catholic Church to the detriment of all other priorities.

27.     The Vatican, as the governing body of the Catholic Church, was responsible for, among other things, maintaining the safety and well-being of members of the Catholic Church and oversight of all dioceses, clergy, and appointed church leaders.

## FACTS SPECIFIC TO THE PLAINTIFF

28.     Plaintiff was born June 6, 1980.

29.     In or around 1989 to 1990, when Plaintiff was around 9 to 10 years old, he developed what he believed to be a close relationship with Father Joseph Sredzinski, his priest at the PARISH. Plaintiff was impoverished and had been abandoned by his father, and Sredzinski accepted Plaintiff's presence warmly and made Plaintiff feel welcome to spend time at the church and rectory.

30.     In reality, Sredzinski was grooming Plaintiff for sexual abuse.

31.     In or around 1991, when Plaintiff was approximately 11 years old, Sredzinski took Plaintiff to the rectory and exposed Plaintiff to pornography featuring men having sex with other

men. Sredzinski then removed his clothes, told Plaintiff to remove his clothes, and kissed Plaintiff all over Plaintiff's body, including on Plaintiff's anus.

32.     The sexual abuse escalated quickly. On another occasion shortly after the first nudity/kissing incident, Sredzinski anally raped Plaintiff.

33.     Sredzinski would also force Plaintiff to perform fellatio on him, claiming Plaintiff was Sredzinski's servant through God and needed to internalize Sredzinski's seed.

34.     Sexual abuse at the hands of Sredzinski took place for six years, from when Plaintiff was 11 years to when he was 17 years old.

35.     On many occasions, Sredzinski would also invite other priests to the rectory and they would each take turns raping Plaintiff.

36.     Plaintiff was abused many times on approximately thirty trips to Washington, D.C., both church-sponsored trips and otherwise, including vacations.

37.     Sredzinski would take Plaintiff to an annual Catholic pro-life rally as well as other political events in Washington, D.C., trips that Sredzinski coordinated in conjunction with the DIOCESE, bishops of the DIOCESE, and/or the PARISH.

38.     Sredzinski also took Plaintiff and other boys to Washington, D.C. for basketball and bowling competitions with other churches, which Sredzinski coordinated in conjunction with the DIOCESE, bishops of the DIOCESE, and/or the PARISH.

39.     On every trip to D.C., Plaintiff and Sredzinski shared a hotel room and slept in the same bed.

40.     On every trip to D.C., Sredzinski repeatedly violently raped Plaintiff and forced Plaintiff to perform fellatio.

41.     Two other altar boys once witnessed Sredzinski sexually assaulting Plaintiff and

spread this information around Plaintiff's school. As a result, Plaintiff was mocked with homophobic slurs.

42.     On a few occasions, WUERL was physically present in the Washington, D.C. room and personally witnessed Sredzinski sodomizing Plaintiff. Instead of doing anything to stop the abuse from happening, WUERL masturbated.

43.     Plaintiff reported the sexual abuse, or attempted to do so, to church and secular authorities on multiple occasions.

44.     At age 13, Plaintiff left a message about the abuse with a woman in the office of Bishop Anthony G. Bosco (then-current bishop of the DIOCESE), along with his name and contact information, but his call was never returned. He then left a second message which also went unreturned.

45.     At age 15, Plaintiff confronted WUERL about the abuse when WUERL came to the PARISH to celebrate a mass. WUERL denied that anything had happened and told Plaintiff that he must be either lying or hallucinating.

46.     Also at age 15, Plaintiff reported the abuse to a nun named Sister Barbara Mary Koval as well as a guidance counselor at the Catholic high school he was attending at that time (Geibel Catholic High School). Plaintiff was not taken seriously and told he must be mentally disturbed and/or hallucinating.

47.     According to the Pennsylvania grand jury investigative report on child sexual abuse in the Catholic Church published on August 14, 2018 (hereinafter, the "Grand Jury Report"), Tim Shoemaker, then mayor of Everson, PA, contacted Father Roger Statnick, then a priest of the DIOCESE, on May 29, 1991 to inform Statnick of his concerns about Sredzinski's inappropriate relationships with multiple local boys, including about an incident wherein

Sredzinski was found in a parked car with a young boy at a cemetery late at night.

48.     According to the Grand Jury Report, undated handwritten notes in the Diocesan file on Sredzinski revealed that a witness had informed the DIOCESE of inappropriate sexual touching between Sredzinski and the boy in the parked car incident.

49.     According to the Grand Jury Report, on January 14, 1994, Bishop Bosco wrote a letter to Sredzinski's sister about the DIOCESE's actions in looking into the parked car incident, in which Bosco "repeatedly emphasized the danger Sredzinski's actions posed to the Diocese in terms of civil and criminal liability" and "indicated the focus of the Diocese's response was to protect the Church and its reputation, with the interest of Sredzinski's possible victims being secondary."

50.     All of the counts described below involved gross negligence, reckless and willful disregard for Plaintiff's health and safety, and egregious conduct directed at both Plaintiff and other children, all of which evinced a high degree of moral turpitude.

51.     As a direct result of the negligent, grossly negligent, intentional, careless, and/or reckless conduct of the DIOCESE, PARISH, and their agents, servants, volunteers, and/or employees, including but not limited to Sredzinski, Plaintiff has suffered serious and permanent physical and emotional injuries, including but not limited to:

     a.   Ongoing humiliation, embarrassment, shame, and guilt;

     b.   Emotional distress;

     c.   Severe mental anguish and despair;

     d.   Severe anxiety, nervousness, fearfulness, and panic attacks;

     e.   Post-traumatic stress disorder;

     f.   Depression;

g.  Hypertension;

h.  Irritability;

i.  Personality changes;

j.  Physical pain, nausea, and loss of sleep;

k.  A loss of enjoyment of life;

l.  A loss of faith;

m.  Difficulty in trusting and interacting with others, including those in positions of
    authority and/or those in intimate relationships with Plaintiff;

n.  A loss of educational opportunities;

o.  A loss of earnings and earning capacity; and

p.  Other damages.

## COUNT I
## NEGLIGENCE
## (AGAINST DIOCESE AND PARISH)

52.     PLAINTIFF hereby incorporates by reference, as if fully set forth herein, each and
every allegation asserted in the preceding and following paragraphs, including each and every
factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-
alleges each such allegation.

53.     The DIOCESE and PARISH, by and through their agents, servants, and/or
employees, knew or reasonably should have known of Sredzinski's sexual interest in children,
and that Sredzinski was capable of committing immoral and criminal acts upon Plaintiff and
other children.

54.     Plaintiff's care, welfare, and/or physical custody were entrusted to the DIOCESE
and PARISH at all times he was under their care and supervision, was on properties and premises
operated by them, and/or was on trips to Washington, D.C. coordinated by them.

55.     The DIOCESE and PARISH voluntarily accepted the entrusted care of Plaintiff, and each had a duty to protect Plaintiff during the time that he was entrusted to their care or responsibility. Said Defendants owed Plaintiff, a minor child, a special duty of care, in addition to the duty of ordinary care for a child they accepted a responsibility to care for and protect as a reasonably prudent parent would care for him.

56.     The DIOCESE and PARISH owed Plaintiff a duty to protect him from harm because they invited Plaintiff onto their property and/or under their care despite knowing Sredzinski represented a potential harm to Plaintiff and other children.

57.     The DIOCESE and PARISH owed Plaintiff a duty to protect him from the harm Sredzinski inflicted upon him.

58.     Said Defendants systematically breached their duty to Plaintiff by:

a.  Ignoring Plaintiff's multiple reports that Sredzinski was sexually abusing him;

b.  Ignoring signs that Plaintiff had been abused, was being abused, and was at risk of further abuse by Sredzinski;

c.  Enabling Sredzinski with unrestricted access to children and placing him in a position of trust and control, even after the DIOCESE learned of specific information concerning his inappropriate relationships with minor boys;

d.  Allowing Sredzinski to come into contact with Plaintiff without effective supervision, even after the DIOCESE learned of specific information concerning his inappropriate relationships with minor boys;

e.  Failing to properly train and re-train staff who work with children about child supervision and detecting child sexual and psychological abuse;

f.  Failing to properly monitor and/or supervise Sredzinski, even after the DIOCESE

learned of specific information concerning his inappropriate relationships with minor boys;

g.  Failing to properly monitor and/or supervise the trips to Washington, D.C. while Plaintiff was in Sredzinski's care;

h.  Failing to prevent Sredzinski from committing sexually abusive acts upon Plaintiff;

i.  Failing to properly investigate the actions of agents, servants, and/or employees to ensure that children were subjected to safe and appropriate counselors;

j.  Failing to have procedures where children could file complaints about sexual abuse and have their complaints properly investigated;

k.  Failing to monitor for and subsequently investigate acts of sexual abuse and sexual violence committed by Sredzinski, and thereafter reveal such facts to Plaintiff, the public, and/or law enforcement agencies;

l.  Failing to implement and/or enforce protocols to ensure that children would not fall victim to sexual predators;

m.  Failing to provide a safe environment where children were not subjected to violent sexual abuse;

n.  Holding Sredzinski out to Plaintiff, other parishioners, and the public as being of sufficient moral and ethical repute;

o.  Failing to remove Sredzinski from contact with Plaintiff immediately after these Defendants were put on notice that Sredzinski was a sexual predator; and

p.  Other acts of negligence.

59.     It was reasonably foreseeable that if the DIOCESE and PARISH did not adequately exercise or provide the duty of care owed to children in their care, including but not limited to

Plaintiff, the children entrusted to their care would be vulnerable to sexual abuse by servants, agents, and/or employees they selected.

60.    The aforementioned negligence of the DIOCESE and PARISH directly and proximately caused Plaintiff to sustain severe and permanent damages as described above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against the DIOCESE and PARISH, jointly and severally, in an amount exceeding the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction, in amounts to be determined upon trial of this action, together with interest, costs, and any other appropriate relief.

## COUNT II
## NEGLIGENT SUPERVISION, MONITORING, TRAINING and RETENTION
## (AGAINST DIOCESE AND PARISH)

61.    PLAINTIFF hereby incorporates by reference, as if fully set forth herein, each and every allegation asserted in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

62.  Since well before the incidents involving the Plaintiff, the DIOCESE and PARISH were familiar with the acute problem of numerous priests, seminarians, deacons, teachers, nuns, and employees sexually violating children within the DIOCESE.

63.  Before, during, and after Plaintiff's exposure to Sredzinski, the DIOCESE, the PARISH, and each bishop of the DIOCESE were on notice of a policy wherein, for the sake of the reputation of the Church and its schools, known child predators, whether priests, seminarians, nuns, deacons, teachers, or volunteers were protected from disclosure, with all information concerning their crimes against children hidden within the Church's secret archive records.

64.  Before, during, and after Plaintiff's exposure to Sredzinski, the DIOCESE, the

PARISH, and each bishop of the DIOCESE were on notice of a policy wherein, for the sake of the reputation of the Church and its schools, known child predators, whether priests, seminarians, nuns, deacons, teachers, or volunteers were protected from being reported to police, district attorneys, and/or child welfare authorities.

65.     Supervision of agents, servants, and/or employees within Defendant's control was mandatory and created an unqualified duty upon them.

66.     The DIOCESE and PARISH, by and through their agents, servants, and/or employees, had a duty to engage in reasonable supervision, monitoring, training, and retention for any priests or other employees who interacted with children or accepted responsibility for children under their care.

67.     The DIOCESE and PARISH, by and through their agents, servants, and/or employees, knew or reasonably should have known of Sredzinski's sexual interest in children, his molestation and sexual violence upon victims before, during, and after the time he was abusing Plaintiff, and that he was capable of committing molestation and sexual violence against Plaintiff and/or other children.

68.     The DIOCESE and PARISH failed to properly observe, supervise, and monitor premises and/or Church-sponsored events where it was known, knowable, and/or foreseeable that vulnerable children could fall victims to sexual abuse without proper supervision.

69.     Said Defendants systematically breached their duty to Plaintiff by:

    a.  Enabling Sredzinski with unrestricted access to children and placing him in a position of trust and control, even after the DIOCESE learned of specific information concerning his inappropriate relationships with minor boys;

    b.  Allowing Sredzinski to come into contact with Plaintiff without effective

14

supervision, even after the DIOCESE learned of specific information concerning his inappropriate relationships with minor boys;

c.   Failing to properly train and re-train staff who work with children about child supervision and detecting child sexual and psychological abuse;

d.   Failing to properly monitor and/or supervise Sredzinski, even after the DIOCESE learned of specific information concerning his inappropriate relationships with minor boys;

e.   Failing to properly monitor and/or supervise the trips to Washington, D.C. while Plaintiff was in Sredzinski's care;

f.   Failing to prevent Sredzinski from committing sexually abusive acts upon Plaintiff;

g.   Failing to properly investigate the actions of agents, servants, and/or employees to ensure that children were subjected to safe and appropriate counselors;

h.   Failing to have procedures where children could file complaints about sexual abuse and have their complaints properly investigated;

i.   Failing to monitor for and subsequently investigate acts of sexual abuse and sexual violence committed by Sredzinski, and thereafter reveal such facts to Plaintiff, the public, and/or law enforcement agencies;

j.   Failing to implement and/or enforce protocols to ensure that children would not fall victim to sexual predators;

k.   Failing to provide a safe environment where children were not subjected to violent sexual abuse;

l.   Holding Sredzinski out to Plaintiff, other parishioners, and the public as being of sufficient moral and ethical repute;

15

m. Failing to remove Sredzinski from contact with Plaintiff and other children immediately after these Defendants were put on notice that Sredzinski was a sexual predator; and

n. Other acts of negligence.

70.     The aforementioned negligent supervision, monitoring, training, and retention of the DIOCESE and PARISH directly and proximately caused Plaintiff to sustain severe and permanent damages as described above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against the DIOCESE and PARISH, jointly and severally, in an amount exceeding the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction, in amounts to be determined upon trial of this action, together with interest, costs, and any other appropriate relief.

**COUNT III**
**BREACH OF SPECIAL DUTY**
**(AGAINST DIOCESE AND PARISH)**

71.     PLAINTIFF hereby incorporates by reference, as if fully set forth herein, each and every allegation asserted in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

72.     While he was a minor, Plaintiff was entrusted by his parents to the control and supervision of the DIOCESE, the PARISH, and Sredzinski. During the times that Plaintiff was entrusted to Sredzinski, Sredzinski was under the supervision and control of the DIOCESE and PARISH.

73.     Plaintiff's relationship with the DIOCESE and the PARISH extended well beyond that of an ordinary parishioner. While Plaintiff was a minor, he was a devout Catholic as well as

an altar boy. He would typically spend every day at the PARISH and with Sredzinski. He took many trips with Sredinski to Washington, D.C. in order to further the Catholic Church's legislative agenda. He also attended Geibel Catholic High School. He was instructed in catechism classes and otherwise that the bishop of the DIOCESE and priests employed by the DIOCESE were moral authorities whom he was obliged to trust and respect. He also participated in athletic activities coordinated and sponsored by the PARISH and/or the DIOCESE. All of these facts led Plaintiff to regard the DIOCESE and the PARISH as entities with superior positions of influence and authority in his life.

74.     There existed a special and/or confidential and/or fiduciary relationship of trust, confidence, and reliance between Plaintiff and the DIOCESE and PARISH. This entrustment of Plaintiff to the DIOCESE and PARISH's care and supervision required them at all times to act in the best interests of the Plaintiff and to protect him due to his age of minority and vulnerability.

75.     Pursuant to this special and/or confidential and/or fiduciary relationship, the DIOCESE and PARISH had a duty to ensure Plaintiff's well-being, care, and safety.

76.     Pursuant to this special and/or confidential and/or fiduciary relationship, the DIOCESE and PARISH were responsible to act in the best interests of Plaintiff at all times.

77.     The DIOCESE and PARISH breached their special and/or confidential and/or fiduciary duties to Plaintiff for all the reasons previously stated.

78.     The aforementioned breach of special duty of the DIOCESE and PARISH directly and proximately caused Plaintiff to sustain severe and permanent damages as described above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against the DIOCESE and PARISH, jointly and severally, in an amount exceeding the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction, in amounts

to be determined upon trial of this action, together with interest, costs, and any other appropriate relief.

**COUNT IV**
**CONSTRUCTIVE FRAUD**
**(AGAINST DIOCESE AND PARISH)**

79.     PLAINTIFF hereby incorporates by reference, as if fully set forth herein, each and every allegation asserted in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

80.     As described above, the DIOCESE and PARISH each had a special and/or confidential and/or fiduciary relationship of trust and confidence with Plaintiff.

81.     Plaintiff's position in the relationship with the DIOCESE and PARISH was one of subordinate weakness and dependence, whereas said Defendant was in a position of superior knowledge and influence; accordingly, they did not deal on equal terms.

82.     The DIOCESE and PARISH held themselves out as an institution that would protect vulnerable children, but their failure to investigate and remove Sredzinski is but one example of a course of conduct that had the intent and effect of deceiving and misleading Plaintiff and the public about their focus on the protection of children.

83.     The DIOCESE and PARISH had an accumulation of knowledge of the sexual abuse of children by their employees and clerics, critical information it kept from Plaintiff, his parents, and the public. Further, when these Defendants did comment on the issue of child sexual abuse within the Church, their schools, orphanages, convents, and other Catholic-operated or sponsored agencies and institutions, they falsely assured the general public, parishioners, parents, and law enforcement authorities that they would responsibly deal with offending clerics and other agents.

18

84.     Plaintiff justifiably relied on these Defendants' representations that they would protect children from harm and not subject them to unsupervised contact with individuals who had a proclivity to commit acts of sexual abuse and sexual violence against children.

85.     The aforementioned constructive fraud of the DIOCESE and PARISH directly and proximately caused Plaintiff to sustain severe and permanent damages as described above.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against the DIOCESE and PARISH, jointly and severally, in an amount exceeding the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction, in amounts to be determined upon trial of this action, together with interest, costs, and any other appropriate relief.

**COUNT V**
**CIVIL CONSPIRACY TO COMMIT FRAUD**
**(AGAINST ALL DEFENDANTS)**

86.     PLAINTIFF hereby incorporates by reference, as if fully set forth herein, each and every allegation asserted in the preceding and following paragraphs, including each and every factual and legal allegation hereinbefore and hereinafter alleged, and hereby re-adopts and re-alleges each such allegation.

87.     All Defendants were part of an agreement with other co-conspirators, including the Vatican and other U.S. dioceses, to engage in a coordinated effort to conceal allegations of sexual assault and abuse from the public, including by making representations that churches and Catholic schools were safe, that priests were to be trusted, and that incidents of sexual abuse were not symptomatic of a recurring problem in the Catholic Church. The conspiracy started before Plaintiff was abused and continues to this day.

88.     Defendants, as well as the Vatican and other U.S. dioceses, have, for decades and continuing to the present day, adopted policies and practices intended to conceal sexual abuse

committed by its agents. These policies and practices endangered numerous children in the past and were created with the knowledge that such policies would cause the repeated commission of a variety of intentional and negligent torts.

89.     Defendants (as well as other U.S. dioceses) conspired to publicly deny responsibility for and conceal the immoral and sexually abusive crimes committed by their priests and employees against children and did so with the coordination of various popes and officials of the Vatican. Such purposeful and overt acts effectively protected child predators within the Catholic Church and elicited further abuse of innocent children.

90.     The conspiracy not only included the Vatican, the DIOCESE, the PARISH, WUERL, MALESIC, and other former bishops of the DIOCESE, but also the Vicar Generals and other priests assigned by each respective Bishop or Archbishop to receive complaints from child abuse survivors, interview victims or their parents, and interview the accused cleric or employee dealing with immoral, evil, and harmful conduct involving children. Each had a duty and responsibility to parishioners to report those who would do harm to children to police, district attorneys, and child welfare authorities. All failed to take such action. All permitted these child predators to remain in the clerical state, in employment, or as volunteers, thereby creating foreseeable risk to the children each child predator came into contact with through their assignments.

91.     The Vatican received laicization petitions and other information directly from dioceses and archdioceses throughout the United States containing information about priests and clerics known to be child molesters, but nevertheless chose not to implement procedures to protect children or to notify police, district attorneys, or child welfare authorities. This decision or directive was known to the Archdiocese of Washington, D.C. and indeed each diocese in the

United States, including DIOCESE.

92.     Each Defendant undertook overt acts in furtherance of the common scheme, including but not limited to the following: 1) concealing the sexual assaults of and the identities and patterns of its sexually abusive priests, seminarians, nuns, employees, and volunteers; 2) concealing sexual assaults and abuse committed by its agents from proper civil authorities; 3) attacking the credibility of victims of Defendants' agents; 4) protecting Defendants' agents from criminal prosecution for sexual assaults and abuse against children; 5) allowing known child molesters to live freely in the community without informing the public; 6) after receiving reports or notice of sexual misconduct by clerics, transferring them to new locations without warning parishioners or the public of the threat posed by such sexual abusers; 7) making affirmative representations regarding Defendants' agents' fitness for employment in positions that include working with children, while failing to disclose negative information regarding sexual misconduct by clerics; and 8) concealing Defendants' actions and their agents' actions from survivors of past abuse, thereby causing additional injuries and harm.

93.     In an April 1, 2010 Baltimore Sun article by Matthew Hay Brown entitled *Pope Paul VI Alerted to Clergy Abuse in 1960s,* it is reported that Rev. Gerald M.C. Fitzgerald met with Pope Paul VI in 1963 to discuss the problem of pedophilia in the priesthood, and additionally sent a follow-up letter recommending that any offending priests be removed from the ministry. Rather than accept Rev. Fitzgerald's recommendations, Pope Paul VI updated the Vatican's procedure for dealing with allegations of childhood sexual abuse, ensuring that any procedure to investigate such claims would be handled with the utmost secrecy, by threat of excommunication.

94.     Pope Francis issued a public statement on or about August 20, 2018 regarding the child sexual abuse crisis within the Catholic Church, stating that the Church "must

acknowledge our past sins and mistakes" and admitting the Church "showed no care for the little ones" and "abandoned them." This was an admission of the complicity in the conspiracy to commit fraud of the Vatican.

95.     The Grand Jury Report specifically mentions Defendant WUERL over 200 times and finds that he allowed numerous priests whom he knew to be abusive to continue in active ministry or to remain in good standing when they were transferred to other dioceses. Although WUERL defended his actions, Pennsylvania Attorney General Josh Shapiro said in an August 19, 2018 statement to CNN: "Cardinal Wuerl is not telling the truth. Many of his statements in response to the Grand Jury Report are directly contradicted by the Church's own documents and records from their Secret Archives. Offering misleading statements now only furthers the cover up."

96.     Mounting pressure, including a Change.org petition which garnered over 140,000 signatures, forced WUERL to resign in disgrace from the position of Archbishop of Washington, D.C. on October 12, 2018.

97.     WUERL continues to "further[ ] the cover-up" to this day, including, on May 20, 2020, by threatening, through his attorneys, to bring a frivolous defamation suit against Plaintiff for reporting the aforementioned allegations to the DIOCESE.

98.     Defendant MALESIC has publicly admitted that 21 priests and clerics within the DIOCESE were "credibly" accused of sexual misconduct with minors. However, the list purposely excludes important information about the priests and clerics on that list. Information has been withheld about the credibly accused priests' patterns of grooming and sexual abuse, which means that children remain at risk of being sexually assaulted. MALESIC and the DIOCESE similarly have not fully disclosed when and how they and their agents, servants, and/or employees learned

of the information about the accused priests, which would assist the public's investigation into the rampant problem of abuse of children in the Catholic Church.

99.      The DIOCESE's list also excluded the following pertinent information:

a.   The names of seminarians, nuns, deacons, foster parents, employees, or volunteers that abused children;

b.   How many complaints of abuse were received for each accused person;

c.   Each assignment where the abuse is alleged to have occurred;

d.   Whether parishioners were notified at each assignment, and when;

e.   Whether the information or report turned over to law enforcement authorities, and when;

f.   The DIOCESE's standards for determining whether allegations are credible and substantiated; and

g.   The names of any clerics who have been accused in a way that the DIOCESE does not believe to be credible or substantiated.

100.    In the case at hand, Defendants and their agents, servants, and/or employees acted with a common purpose in conspiring to conceal the improper and illegal activities taking place within the DIOCESE and PARISH.

101.    Defendants entered into the conspiracy with the common purpose of concealing from the public the nature and scope of sexual abuse of minors in the DIOCESE.

102.    Defendants entered into the conspiracy with the common purpose of continuing to hold out sexually abusive priests, clerics, employees, and volunteers within the DIOCESE as trustworthy.

103.    Defendants entered into the conspiracy with the common purpose of delaying or

preventing individuals from reporting sexual abuse to civil authorities, waiting for the statute of limitations to expire.

104.    It was essential for the Defendants to engage in such a conspiracy because doing so allowed Defendants to retain their positions of authority, trust, respect, and influence within their respective communities and on the national or international stage.

105.    By engaging in this conspiracy, the Defendants directly caused and perpetuated the commission of fraud, as well as other torts, including assault, battery, sexual abuse, and other wrongful acts.

106.    Defendants intentionally entered into agreements of complicity and performed the actions set forth above, which agreements were passed on from one Archbishop to the next successor.

107.    The Defendants' aforementioned civil conspiracy to commit fraud benefited the Church and its agents and directly and proximately caused Plaintiff to sustain severe and permanent damages as described above.

93.    The aforesaid conspiracy is a continuing conspiracy that continues to this day.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against all Defendants, jointly and severally, in an amount exceeding the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction, in amounts to be determined upon trial of this action, together with interest, costs, and any other appropriate relief.

Dated: June 3, 2020

> _/s/ Matthew M. White_
> Matthew M. White (D.C. Bar #1013585)
> Richard M. Serbin (pro hac vice to be applied for)
> Andrew S. Janet (pro hac vice to be applied for)
> Janet, Janet & Suggs, LLC
> 500 Taylor Street, Suite 301
> Columbia, SC 29201

Telephone: (803) 726-0050
Facsimile: (803) 727-1059
Email: mwhite@jjsjustice.com


*/s/ Christopher T. Nace*
Christopher T. Nace, Bar No. 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
ctnace@paulsonandnace.com
*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 3, 2020

*/s/ Matthew M. White*
Matthew M. White (D.C. Bar #1013585)
Richard M. Serbin (pro hac vice to be applied for)
Andrew S. Janet (pro hac vice to be applied for)
Janet, Janet & Suggs, LLC
500 Taylor Street, Suite 301
Columbia, SC 29201
Telephone: (803) 726-0050
Facsimile: (803) 727-1059
Email: mwhite@jjsjustice.com

*/s/ Christopher T. Nace*
Christopher T. Nace, Bar No. 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 – Telephone
202-223-6824 – Facsimile
ctnace@paulsonandnace.com
*Attorneys for Plaintiff*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

JOHN DOE MR
_____
                                    Plaintiff
                vs.

THE ROMAN CATHOLIC DIOCESE OF GREENSBURG, et al.
_____
                                    Defendant

Case Number _____

THE ROMAN CATHOLIC DIOCESE OF
GREENSBURG
723 East Pittsburgh Street
Greensburg, PA 15601

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher T. Nace
_____
Name of Plaintiff's Attorney

1025 Thomas Jefferson St. NW Ste 810
_____
Address
Washington, DC 20007

(202) 463-1999
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시요.        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

_____
                                    Demandante

                contra

                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                                    Por: _____
_____
Dirección                                              Subsecretario

_____
                                    Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

Superior Court of the District of Columbia
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

JOHN DOE MR
_____
                                        Plaintiff

                    vs.

THE ROMAN CATHOLIC DIOCESE OF GREENSBURG, et al.
_____
                                        Defendant

Case Number _____

BISHOP EDWARD C. MALESIC
723 East Pittsburgh Street
Greensburg, PA 15601

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher T. Nace
_____
Name of Plaintiff's Attorney

1025 Thomas Jefferson St. NW Ste 810
_____
Address

Washington, DC 20007
_____

(202) 463-1999
_____
Telephone

_Clerk of the Court_

By _____
                        Deputy Clerk

Date _____

如需翻译，请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오.          ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o el Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

비역을 원하시면 (202) 879-4828 로 전화하십시오     የአማርኛ  ትርጉም   ለማግኘት  (202) 879-4828  ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pediraryuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                       Super. Ct. Civ. R. 4

Superior Court of the District of Columbia
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

JOHN DOE MR
_____
                                    Plaintiff
                vs.

THE ROMAN CATHOLIC DIOCESE OF GREENSBURG, et al.
_____
                                    Defendant

Case Number _____

ST. JOHN THE BAPTIST AND ST. JOSEPH
(f/k/a SAINT JOSEPH'S ROMAN CATHOLIC
CHURCH)
416 South Broadway
Scottdale, PA 15683

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher T. Nace
_____
Name of Plaintiff's Attorney

1025 Thomas Jefferson St. NW Ste 810
_____
Address
Washington, DC 20007

(202) 463-1999
_____
Telephone

_Clerk of the Court_

By _____
                        Deputy Clerk

Date _____

如需翻譯，請打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시요.         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o el Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

비번역을 원하시면 (202) 879-4828로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

JOHN DOE MR
_____
                                    Plaintiff
                vs.

THE ROMAN CATHOLIC DIOCESE OF GREENSBURG, et al.
_____
                                    Defendant

**SUMMONS**

Case Number _____

DONALD WUERL
4110 Warren St. NW
Washington, D.C. 20016

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher T. Nace
_____
Name of Plaintiff's Attorney

1025 Thomas Jefferson St. NW Ste 810
_____
Address
Washington, DC 20007

(202) 463-1999
_____
Telephone

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828      ይደውሉ

*Clerk of the Court*

By _____
                    Deputy Clerk

Date _____

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante

        contra

                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                              Por: _____
_____                Subsecretario
Dirección

_____
                              Fecha _____
_____
Teléfono
如需翻譯,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

ይህ የተረጎመ ለማግኘት (202) 879-4828 ይደውሉ        የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

        Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

                        Vea al dorso el original en inglés
                        See reverse side for English original

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

JOHN DOE MR

Case Number: _____

VS

Date: June 3, 2020

THE ROMAN CATHOLIC DIOCESE OF GREENSBURG, et al.

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Christopher T. Nace, Esq. | Relationship to Lawsuit |
| Firm Name:<br>Paulson & Nace, PLLC | ☒ Attorney for Plaintiff |
| Telephone No.:            Six digit Unified Bar No.:<br>202-463-1999                          977865 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ 10,000,000                                  Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar#: _____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees            Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile.
☐ 02 Alienation of Affection     ☐ 11 Libel and Slander                    Not Malpractice)
☐ 03 Assault and Battery         ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                ☒ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                           Not Malpractice)                  ☐ 23 Tobacco
                                                                       ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
- (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
- (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)

- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Christopher T. Nace
_____
Attorney's Signature

June 3, 2020
_____
Date

## 2020 CA 002848 B MR, JOHN DOE Vs. THE ROMAN CATHOLIC DIOCESE OF GREENSBURG et al JML

- Case Type:
- Civil II
- Case Status:
- Open
- File Date:
- 06/22/2020
- Action:
- Complaint for Negligence Filed
- Status Date:
- 06/22/2020
- Next Event:
- 10/09/2020

| All Information | Party | Event | Docket | Receipt | Disposition |

### Party Information

**MR, JOHN DOE**
- Plaintiff

- Disposition
  - Disp Date

| Alias | |
|---|---|
| CO | WHITE, MATTHEW |

| Party Attorney |
|---|
| Attorney |
| NACE, CHRISTOPHER T. |

**THE ROMAN CATHOLIC DIOCESE OF GREENSBURG**
- Defendant

- Disposition
  - Disp Date

| Alias |
|---|

| Party Attorney |
|---|

**ST. JOHN THE BAPTIST AND ST. JOSEPH**
- Defendant

- Disposition
  - Disp Date

| Alias | |
|---|---|
| FKA | SAINT JOSEPHS ROMAN CATHOLIC CHURCH |

| Party Attorney |
|---|

**MALESIC, BI EDWARD C.**
- Defendant

- Disposition
  - Disp Date

| Alias |
|---|

| Party Attorney |
|---|

**WUERL, DONALD**
- Defendant

- Disposition
  - Disp Date

| Alias |
|---|

| Party Attorney |
|---|

### Events

| Date/Time | Location | Type | Result | Event Judge |
|---|---|---|---|---|
| 10/09/2020 09:30 AM | Courtroom 212 | Initial Scheduling Conference-60 | | |

## Docket Information

| Date | Docket Text | Image Avail. |
|------|-------------|--------------|
| 06/05/2020 | Complaint for Negligence Filed  Receipt: 456998  Date: 06/22/2020 | |
| 06/05/2020 | eComplaint Filed. Submitted 06/22/2020 11:11. kd<br>(BACK DATED PER CIVIL ACTIONS BRANCH CHIEF)<br>Attorney: NACE, CHRISTOPHER T. (977865)<br>JOHN DOE MR (Plaintiff); | Image |
| 06/22/2020 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 10/09/2020   Time: 9:30 am<br>Judge: LOPEZ, JOSE M   Location: Courtroom 212 | |
| 06/22/2020 | Issue Date:  06/22/2020<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>THE ROMAN CATHOLIC DIOCESE OF GREENSBURG<br>723 East Pittsburgh Street<br>GREENSBURG, PA  15601<br>Tracking No: 5000227591<br><br>ST. JOHN THE BAPTIST AND ST. JOSEPH<br>416 South Broadway<br>SCOTTDALE, PA  15683<br>Tracking No: 5000227592<br><br>MALESIC, Bishop EDWARD C.<br>723 East Pittsburgh Street<br>GREENSBURG, PA  15601<br>Tracking No: 5000227593<br><br>WUERL, DONALD<br>4110 Warren St. NW<br>WASHINGTON, DC  20016<br>Tracking No: 5000227594 | |
| 06/22/2020 | Complaint Package eServed to Filer | Image |

## Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|----------------|--------------|---------------|----------------|
| 456998 | 06/22/2020 | NACE, CHRISTOPHER T., Attorney | $120.00 |
| Total | Total | Total | Total |
| | | | $120.00 |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Undisposed | | |