**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN DOE,

               Plaintiff,

v.

THE ROMAN CATHOLIC DIOCESE OF
GREENSBURG, *et al.*,

               Defendants.

Civ. Action No. 20-1750 (EGS)

**<u>MEMORANDUM OPINION AND ORDER</u>**

    Plaintiff John Doe requests leave to proceed pseudonymously
in this case against Defendants—the Roman Catholic Diocese of
Greensburg; Edward C. Malesic, the bishop of the Diocese of
Greensburg; St. John the Baptist and St. Joseph parish,
successor entity to St. Joseph's Roman Catholic Church in
Everson, Pennsylvania; and Donald Wuerl ("Mr. Wuerl"), the
former bishop of the Diocese of Pittsburgh and former archbishop
of the Roman Catholic Archdiocese of Washington, D.C.—arising
from the alleged sexual abuse Plaintiff suffered as a minor. *See*
Ex. A to Notice Removal ("Compl."), ECF No. 1-1; Mot. Proceed
via Pseudonym, ECF No. 5-1.[1] Defendant Mr. Wuerl opposes
Plaintiff's motion, *see* Def.'s Mem. Points Authorities Opp'n
Pl.'s Request Proceed via Pseudonym ("Def.'s Opp'n"), ECF No.

---

[1] When citing electronic filings throughout this Opinion, the
Court cites to the ECF page number, not the page number of the
filed document.

13; and further seeks leave to file a surreply, *see* Def.'s Mot.
Leave File Surreply ("Def.'s Surreply"), ECF No. 33. Upon
consideration of the parties' submissions, the applicable law,
and the entire record herein, the Court **GRANTS** Mr. Wuerl's
motion for leave to file a surreply, ECF No. 33; and **GRANTS**
Plaintiff's request to proceed via pseudonym, *see* ECF No. 5.

## I. Background

On June 5, 2020, Plaintiff filed suit in the Superior Court
of the District of Columbia ("Superior Court") against
Defendants, alleging negligence; negligent supervision,
monitoring, training, and retention; breach of special duty;
constructive fraud; and civil conspiracy to commit fraud. *See*
Nace Aff., ECF No. 5 ¶ 1; Compl., ECF No. 1-1. Plaintiff seeks
compensatory and punitive damages on his claims, each of which
arise from the alleged sexual abuse Plaintiff suffered as a
minor from approximately 1991 to 1997—or from when Plaintiff was
between 11 and 17 years old—at the hands of Joseph L.
Sredzinski,[2] the former priest of Saint Joseph's Roman Catholic
Church. Compl., ECF No. 1-1 ¶¶ 3, 34.

"[P]er the Superior Court's request," in filing his case,
Plaintiff emailed his complaint and an *ex parte* motion to
proceed via pseudonym to a Superior Court email address. *See*

---

[2] Mr. Sredzinski died in 2015. *See* Compl., ECF No. 1-1 ¶ 10.

Nace Aff., ECF No. 5 ¶¶ 1-2. On June 19, 2020, Plaintiff received an email from the Chief of the Superior Court's Civil Actions Branch stating that his "request to file using a pseudonym has been approved." *See* Ex. 2 to Nace Aff., ECF No. 5-2 at 1.[3] Defendants were not included on the email, and no Order was posted on the Superior Court docket for this case at that time.

Mr. Wuerl removed the action from Superior Court to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on June 27, 2020. Notice Removal, ECF No. 1. Following removal, Plaintiff received an email from the clerk's office in this District on June 29, 2020, instructing Plaintiff to "file a Motion to Proceed via Pseudonym along with the complaint." Nace Aff., ECF No. 5 ¶ 5. However, on July 1, 2020, Plaintiff's counsel contacted the clerk's office to discuss the motion, and was told to email the motion, along with a copy of the Superior Court email approving the motion, and the clerk's office would "pass it along for the Court's consideration." *Id.* ¶ 6. On July 9, 2020, following receipt of the motion and email from Plaintiff's counsel, the clerk's office contacted Plaintiff's counsel again and requested that the "documentation be filed as a Notice via

---

[3] This case was assigned to Superior Court Associate Judge Jose M. Lopez. *See* ECF No. 1-1 at 38. The Order permitting Plaintiff to use a pseudonym was signed by Judge Kelly A. Higashi, Sitting as Judge-in-Chambers. *See* Order, ECF No. 32-1 at 1.

ECF." *Id.* ¶ 7. Plaintiff's counsel accordingly filed an affidavit in this Court on July 15, 2020, attaching as exhibits the motion to proceed via pseudonym filed in the Superior Court and the email from the Superior Court clerk's office noting the motion had been granted. *Id.*

On July 16, 2020, Mr. Wuerl filed a notice of intent to oppose Plaintiff's request to proceed via pseudonym. Notice, ECF No. 6. Mr. Wuerl subsequently filed his opposition on July 29, 2020. Def.'s Opp'n, ECF No. 13. Plaintiff filed his reply on August 21, 2020. Pl.'s Reply, ECF No. 32. In his reply brief, Plaintiff noted that in the time since Mr. Wuerl had filed his opposition, an Order granting Plaintiff's motion to proceed via pseudonym had been uploaded to the Superior Court's docket. Pl.'s Reply, ECF No. 32 at 7; *see also* Order, ECF No. 32-1. Despite its belated appearance on the docket, the Order was dated June 5, 2020. *See* Order, ECF No. 32-1.

On August 26, 2020, Mr. Wuerl filed a motion for leave to file a surreply, Def.'s Surreply, ECF No. 33; which Plaintiff opposed two days later, Pl.'s Opp'n Def.'s Mot. Leave File Surreply ("Pl.'s Opp'n Surreply"), ECF No. 34. Mr. Wuerl filed his reply on August 31, 2020. Def.'s Reply Pl.'s Opp'n Def.'s Mot. Leave File Surreply ("Def.'s Reply Surreply"), ECF No. 35.

The motions are now ripe for adjudication.

## II. Analysis

### A. Mr. Wuerl's Motion For Leave To File A Surreply Is Granted

"The standard for granting . . . leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (citation omitted); *see also Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003). Surreplies are generally disfavored, *Kifafi v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010); and "[t]he decision to grant or deny leave to file a surreply is committed to the sound discretion of the court," *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011) (alteration in original) (citation omitted). In exercising its discretion, courts should consider: (1) whether the nonmovant's reply in fact raises arguments or issues for the first time; (2) whether the movant's proposed surreply would be helpful to resolve the pending motion, and (3) whether the nonmovant would be unduly prejudiced were the court to grant leave. *See Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011).

Here, Mr. Wuerl argues that Plaintiff's reply memorandum raised three new matters that were not raised in his initial request: (1) that Plaintiff submitted a new affidavit that

"tailors Plaintiff's testimony in a belated attempt to cure
deficiencies of his original" affidavit; (2) that Plaintiff
"includes hearsay references" to the results of a Pennsylvania
grand jury investigation into the sexual abuse of minors within
the Catholic Church, as well as "multiple newspaper articles
about alleged prior reputational harm to Defendant"; and (3)
that Plaintiff "introduces the D.C. Superior Court Order
granting his request for anonymity, ECF No. 32-1, which
Plaintiff did not timely share with Defendant or the Court." *See*
Def.'s Surreply, ECF No. 33 at 2.

   First, the Court finds that Plaintiff's affidavit attached
to his reply brief contains factual assertions presented to the
Court for the first time, including Plaintiff's assertion that
he has been "designated as disabled by the Social Security
Administration since July 8, 2008" because of the "trauma [he]
suffered as a child." *See* Pl. Aff., ECF No. 32-2 ¶¶ 4-5.
Therefore, there is "good cause" to warrant granting Mr. Wuerl's
motion with respect to the affidavit in order to allow him the
opportunity to address new statements made by Plaintiff in the
affidavit, which will be helpful to the Court's resolution of
Plaintiff's request to proceed anonymously. *See Lee v. Christian
Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 23 n.4 (D.D.C. 2001)
(granting motion for leave to file a surreply brief where

plaintiffs included three new declarations in their reply brief).

Second, while the mere citation to news articles and reports generally does not require an opportunity to file a surreply, *cf. U.S. ex rel. Pogue v. Diabetes Treatment Cts. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (expressing skepticism as to whether the introduction of statutory or case law "can ever be 'new matter' so as to permit the filing of a surreply"); the Court finds that Plaintiff raised new matter in his reply brief in arguing that Mr. Wuerl has no serious reputational concerns at stake in view of the number of reports that "either state that he was involved in a cover-up of sexual abuse or discuss the public's outraged reaction to hearing the news." Pl.'s Reply, ECF No. 32 at 15 & n.2. To allow Mr. Wuerl to "contest matters presented to the court for the first time in the opposing party's reply," *Lewis*, 154 F. Supp. 2d at 61; the Court shall also grant Mr. Wuerl's motion with respect to this new argument.

Third, the Court finds that Judge Higashi's Order granting Plaintiff's request to proceed anonymously is new matter because it was not available on the Superior Court docket for the case until after Mr. Wuerl filed his opposition in this case. Because Mr. Wuerl's surreply with regard to this issue is helpful to the adjudication of Plaintiff's request and is not unduly

prejudicial to Plaintiff, the Court exercises its discretion to grant Mr. Wuerl's motion for leave to file its surreply on this issue. *See Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration not included in the original motion); *cf. Groobert v. President & Dirs. of Georgetown Coll.*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) (allowing filing of surreply because it "contains the deposition of Ms. Kinne, which was not available at the time the plaintiff filed his opposition to the defendant's motion for partial summary judgment").

Accordingly, Mr. Wuerl's motion for leave to file a surreply is granted.

### B. Plaintiff May Proceed In This Case Using A Pseudonym

Plaintiff argues that Judge Higashi's Order granting his request to use a pseudonym is "law of the case." Pl.'s Reply, ECF No. 32 at 7. Mr. Wuerl disagrees and instead contends that this Court should deny Plaintiff's request to proceed via pseudonym on both procedural and substantive grounds. First, Mr. Wuerl argues that "Plaintiff's request to proceed via pseudonym is procedurally deficient because it was not filed as a formal Motion and Plaintiff failed to confer with Defendants before filing, as required by the applicable rules and this Court's precedent." Def.'s Opp'n, ECF No. 13 at 5. Second, Mr. Wuerl argues that Plaintiff's motion is also "substantively deficient

8

because none of the five factors considered by this Court weigh in favor of anonymity." *Id.*

After considering the arguments, the Court concludes that though the law of the case is not implicated, Plaintiff has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of Plaintiff's identity.

### 1. The Law Of The Case Doctrine Does Not Bar The Court's Review Of Plaintiff's Motion

As an initial matter, Plaintiff argues that because Judge Higashi granted his motion to proceed via pseudonym, "[t]he Superior Court's decision on the usage of the pseudonym should continue to govern this case in its current stage in this Court" pursuant to the "law of the case" doctrine. Pl.'s Reply, ECF No. 32 at 7. Mr. Wuerl, on the other hand, argues that the order "does not entitle [Plaintiff], as a matter of right or discretion, to a permission to proceed under a pseudonym in this Court." Def.'s Surreply, ECF No. 33-2 at 9. Rather, because the Superior Court adjudicated Plaintiff's motion on an *ex parte* basis, Mr. Wuerl argues that this Court must reevaluate the substance of Plaintiff's motion. *Id.* at 10.

The Court concludes that the law of the case doctrine does not bar the Court from reviewing Plaintiff's request to proceed via pseudonym on the merits. The law of the case doctrine

"posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pepper v. United States* 562 U.S. 476, 506 (2011) (internal quotation marks omitted). Furthermore, "[a]fter removal, the federal court takes the case up where the State Court left it off." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) (internal quotation marks and citations omitted). However, "adherence to the doctrine is not mandatory, but rather left to the district court's sound discretion." *Beach TV Props., Inc. v. Solomon*, 324 F. Supp. 3d 115, 125 (D.D.C. 2018) (quotation marks omitted). Courts have found that the law of the case doctrine generally does not apply to orders issued on an *ex parte* basis. *See Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 129 n.8 (1st Cir. 2006) (noting that the "law of the case" doctrine does not apply to tentative or preliminary orders); *Munro v. Post*, 102 F.2d 686, 688 (2d Cir. 1939) ("[T]he law of the case . . . requires that the order of the first judge, unless merely a formal or an *ex parte* order, shall not be vacated or nullified by a later judge." (quotation marks omitted)). Here, it is undisputed that the Plaintiff's motion, filed *ex parte*, was granted without an opinion or explanation. *See* Order, ECF No. 32-1. Accordingly, the Court concludes that the law of the case

doctrine is not implicated in this situation. *See United States v. Pineda-Mendoza*, No. 11-cr-0320, 2012 WL 4056829, at *2 (E.D. Cal. Sept. 14, 2012) (stating that law of the case does not apply where orders were issued *ex parte* because "[i]t is generally unfair to preclude a party from later arguing an otherwise legitimate objection when that party has not had any opportunity to initially voice the objection"); *see also United States v. Palfrey*, 530 F. Supp. 2d 343, 344 (D.D.C. 2008) (concluding that the law of the case doctrine did not apply to order granting defendant's *ex parte* application for issuance of subpoenas and payment of costs and fees where the court was not presented with a Rule 17(c)(2) motion).

### 2. Judicial Efficiency Favors Resolving Plaintiff's Motion To Proceed Via Pseudonym

Next, Mr. Wuerl argues that Plaintiff's request should be denied because it is procedurally deficient for two reasons: (1) Plaintiff filed an affidavit accompanied by his Superior Court filing instead of a motion to proceed via pseudonym, "as required by the rules and this Court's precedent";[4] and (2) Plaintiff did not confer with Defendants prior to filing his

---

[4] Local Civil Rule 5.1(h) requires that "[a] document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal." L. Civ. R. 5.1(h).

request, as required by Local Civil Rule 7(m).[5] Def.'s Opp'n, ECF
No. 13 at 10. In Mr. Wuerl's view, "Plaintiff's failure to
follow these rules is not a mere technical oversight," but is
"an attempt to circumvent the well-established procedure for
seeking to proceed anonymously." *Id.* Plaintiff, in response,
argues that he complied with the directions from the respective
Clerk of Court offices, and that "[a]s it was not clear that
these actions constituted filing a new motion, Plaintiff did not
see the need to confer pursuant to Local Rule 7(m)." Pl.'s
Reply, ECF No. 32 at 6. Plaintiff claims he is not
"intentionally trying to circumvent the normal process of
filing," and Plaintiff's counsel asks that "Plaintiff himself
not be punished for counsel's misinterpretation of the rules" if
his actions were procedurally improper. *Id.*

The Court is not persuaded that it was improper for
Plaintiff to file an affidavit informing the Court of the
Superior Court's order instead of filing a new motion in this
Court. As explained above, "[a]ll injunctions, orders, and other
proceedings had in such action prior to its removal shall remain
in full force and effect until dissolved or modified by the

---

[5] Local Civil Rule 7(m) requires that "[b]efore filing any
nondispositive motion in a civil action, counsel shall discuss
the anticipated motion with opposing counsel in a good-faith
effort to determine whether there is any opposition to the
relief sought and, if there is, to narrow the areas of
disagreement." L. Civ. R. 7(m).

district court." 28 U.S.C. § 1450; *see also* Fed. R. Civ. P. 81(c) (stating that after removal, repleading is not necessary unless the court so orders). In other words, "[a]fter removal, orders issued by the state court are considered orders of the district court." *Johnston v. Tampa Sports Auth.*, 530 F.3d 1320, 1324 (11th Cir. 2008) (per curiam) (citing *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198 (11th Cir. 1991)).

Here, despite the fact that Judge Higashi's Order did not appear on that court's docket until weeks after the case was removed to this Court, the Order is dated June 5, 2020. *See* Order, ECF No. 32-1. And because the notice of removal was not filed in the Superior Court until June 29, 2020, the Superior Court had retained jurisdiction to enter the Order at that time. *See Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993) ("The requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction."). Thus, Judge Higashi's June 5, 2020 Order is presumptively valid and remains in effect absent modification by this Court.

However, "a district court has the power to enforce or continue orders or judgments entered by the state court as it would any such order or judgment it might itself have entered." *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 547 (D.N.J. 2000); *see also Shepherd v. Am. Broad. Cos.*, No. 88-954,

1989 WL 3741, at *1 (D.D.C. Jan. 10, 1989) ("After removal, . . . the case is governed by the federal rules of procedure, and this court has discretion to dissolve or modify the orders of the state court if, in its judgment, justice so requires."). "[F]ederal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *See Granny Goose Foods*, 415 U.S. at 437. Here, as Mr. Wuerl points out, in this District, courts have evaluated prior orders granting *ex parte* motions to proceed via pseudonym under a *de novo* standard. *See, e.g., Doe v. De Amigos*, No. 11-1755, 2012 WL 13047579, at *1 n.1 (D.D.C. Apr. 30, 2012) (concluding that, "[a]lthough defendant's motion was docketed by the Clerk as a motion for reconsideration, the Court will apply the test for use of pseudonym *de novo* rather than the 'clear error' test it uses to assess motions for reconsideration" because, among other things, "the motion the Chief Judge granted in his Order was filed *ex parte*"). Thus, because the *ex parte* motion was granted without opinion, and in view of the unusual circumstances of this case—including that the Order did not appear on the Superior Court docket for this case until weeks after the case was removed—the Court will assess Plaintiff's motion *de novo*.

Furthermore, even if the Court found otherwise and Judge Higashi's Order did not remain in effect, while any violation of

the Local Rules may have inconvenienced the Court, in this instance judicial efficiency would favor resolving the motion rather than dismissing it without prejudice. *See In re U.S. Off. Prods. Co. Secs. Litig.*, 251 F. Supp. 2d 77, 88 n.4 (D.D.C. 2003) (finding "judicial efficiency" weighed in favor of deciding the motions "rather than ordering both parties to refile their submissions using the proper page limitations"). Defendants have not been prejudiced by Plaintiff's failure to file the request as a formal motion, per Local Civil Rule 5.1(h), or by the failure to confer prior to filing, per Local Civil Rule 7(m). Indeed, both the Plaintiff's request to proceed via pseudonym and Mr. Wuerl's motion for leave to file a surreply have been fully briefed. Therefore, the Court favors moving forward with the resolution of the motions rather than ordering Plaintiff to refile his request to proceed via pseudonym as a new motion. *See Ciralsky v. C.I.A.*, 355 F.3d 661, 674 (D.C. Cir. 2004) ("[O]ur jurisprudential preference [is] for adjudication of cases on their merits rather than on the basis of formalities." (citation omitted) (second alteration in original)); *Dixon v. Midland Mortg. Co.*, 719 F. Supp. 2d 53, 55 n.1 (D.D.C. 2010) ("Although [plaintiff's] opposition was filed beyond the time prescribed by the local civil rules, the circumstances here support abiding by the general judicial

preference for resolving disputes on their merits rather than dismissing them based on technicalities.").

### 3. Plaintiff Has Demonstrated A Legitimate Basis For Proceeding Via Pseudonym

Generally, a complaint must state the names of the parties and the address of the plaintiff. *See* Fed. R. Civ. P. 10(a); L. Cv. R. 5.1(c)(1); L. Cv. R. 11.1. "Disclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). However, it is within the discretion of the district court to grant the "rare dispensation" of anonymity. *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)); *see also W. Coast Prods., Inc. v. Does 1–5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("[F]ederal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment.").

The Court of Appeals for the D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may

proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019). And in exercising its discretion, "the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted.'" *Microsoft*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238). As part of this inquiry, courts in this District consider five factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 99; *see also In re Sealed Case*, 931 F.3d at 97. "No single factor is necessarily determinative; a court 'should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield' to the plaintiff's request for anonymity." *Doe v. Teti*, No. 15-mc-1380,

2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

Plaintiff moves to proceed in this case using the pseudonym "John Doe MR" and with the case caption "John Doe MR v. The Roman Catholic Diocese of Greensburg, *et al.*" Pl.'s Mot., ECF No. 5-1 at 1. The Court concludes that application of the five-factor test to the present case demonstrates that Plaintiff has discharged his burden to establish a "legitimate basis" for proceeding anonymously. *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005); *see also Doe v. Good Samaritan Hosp.*, 115 N.Y.S.3d 853, 857-58 (N.Y. Sup. Ct. 2019) ("A grant of anonymity in this case impacts far less on the public's right to open proceedings than does the actual closing of a courtroom or the sealing of records—issues that are presently not before this Court.").

Regarding the first factor—whether the requesting party is seeking to avoid annoyance and criticism or is seeking to preserve privacy—the Court concludes that this factor weighs in Plaintiff's favor. "Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (listing cases). Here, Mr. Wuerl concedes that Plaintiff's alleged abuse "is a matter that is obviously sensitive and

personal." Def.'s Opp'n, ECF No. 13 at 14. Plaintiff alleges
that "Father Joseph Sredzinski raped him countless times over a
six-year period when he was 11 to 17 years old"; that
"Sredzinski brought in other priests to rape Plaintiff"; and
that "Plaintiff was mocked with homophobic slurs due to certain
altar boys' knowledge that Plaintiff was being sexually
assaulted by Sredzinski." Pl.'s Reply, ECF No. 32 at 9; *see also*
Compl., ECF No. 1-1 ¶¶ 34-35, 41. Plaintiff further alleges that
"numerous authority figures" within the Catholic Church were
aware of the abuse and did not act to prevent it. Pl.'s Reply,
ECF No. 32 at 9; Compl., ECF No. 1-1 ¶¶ 42-46. As a result of
such alleged conduct, Plaintiff claims that he has suffered
"serious and permanent physical and emotional injuries,"
including post-traumatic stress disorder, hypertension, severe
anxiety, and depression. Compl., ECF No. 1-1 ¶ 51. He asserts
that "[i]f his name were publicly exposed as a survivor, it
would be severely re-traumatizing." Pl.'s Mot., ECF No. 5-1 ¶ 7.
Plaintiff's allegations are thus undoubtedly of a sensitive and
highly personal nature. *See Plaintiff B. v. Francis*, 631 F.3d
1310, 1317 (11th Cir. 2011) ("The issues involved in this case
could not be of a more sensitive and highly personal nature—they
involve descriptions of the Plaintiffs in various stages of
nudity and engaged in explicit sexual conduct while they were
minors who were coerced by the Defendants into those

activities."); *Horowitz v. Peace Corps*, 428 F.3d 271, 279 (D.C. Cir. 2005) (recognizing that "[v]ictims of sexual assaults have an arguably greater interest in the protection of their privacy" due to the "personal trauma involved and the moral and social opprobrium disclosure often presages").

Mr. Wuerl, however, argues that Plaintiff's privacy interests are diminished because Plaintiff "has already testified in open court—without pseudonym or requesting anonymity—about childhood sexual abuse." Def.'s Opp'n, ECF No. 13 at 13. Mr. Wuerl explains that Plaintiff made a statement seven years ago during court proceedings that he was "molested as a kid for years," and argues that this statement undermines Plaintiff's request for anonymity because his status as a "sexual abuse survivor" is already a matter of public record. *Id.* at 14-15. The Court is not persuaded. Plaintiff made the statement in a case unrelated to sexual assault claims, and his testimony "contained no specific information about the abuse or abusers or any institutional involvement." Pl.'s Reply, ECF No. 32 at 10 (referring to Plaintiff's previous statement as an "offhand comment"). According to Plaintiff, "he volunteered zero additional details on the subject, and did not . . . intend for that comment to refer to the sexual abuse at issue in the instant case." *Id.* Furthermore, the Court is not aware of any connections to or public details in the previous case that could

20

expose Plaintiff's identity in this case. Accordingly, because "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes," *De Amigos*, 2012 WL 13047579, at *2; the Court concludes that this factor weighs in Plaintiff's favor, *see Cabrera*, 307 F.R.D. at 5-6 (granting motion to proceed via pseudonym where the "plaintiff's allegations include graphic details of the alleged incident").

The second factor—whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties—also weighs slightly in favor of Plaintiff. Although a plaintiff need not show both a risk of retaliatory physical harm and mental harm, Plaintiff asserts that he faces both if his name is publicly exposed in connection with this lawsuit. *See* Pl.'s Mot., ECF No. 5-1 ¶¶ 3, 5, 7. He also claims that his spouse may likely suffer from retaliatory harm or social stigmatization if his identity were revealed. *Id.* ¶ 6.

Here, the Court finds that the public disclosure of Plaintiff's identity is "likely to result in psychological trauma." *Cabrera*, 307 F.R.D. at 6. Although Plaintiff does not provide detailed medical documentation in support of his claims

of alleged harm,[6] Plaintiff contends that because his "childhood sexual abuse is a source of deep shame and guilt," it would be "severely re-traumatizing" if he were identified in the case. Pl.'s Mot., ECF No. 5-1 ¶ 7. Mr. Wuerl does not contest that, as a result of the alleged abuse, Plaintiff has suffered from a number of "serious and permanent physical and emotional injuries," including "[s]evere anxiety, nervousness, fearfulness, and panic attacks." Compl., ECF No. 1-1 ¶ 51. Plaintiff claims that "[i]f [he] were forced to reveal [his] name to the public . . . the stress associated with doing so would exacerbate the symptoms of [his] mental illness and would likely require [him] to seek hospitalization for psychiatric care and/or other additional mental health treatment." Pl.'s Aff., ECF No. 32-2 ¶ 9. Thus, the Court finds that if Plaintiff was required to reveal his identity, he would likely suffer further emotional trauma. *See J.W. v. District of Columbia*, 318 F.R.D. 196, 200 (D.D.C. 2016) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage or violent threats are

---

[6] Plaintiff asserts that his "mental illnesses are so all-consuming" that he has been "designated as disabled by the Social Security Administration since July 8, 2008." Pl.'s Reply, ECF No. 32-2 at 2. However, "[i]n a Notice of Decision from the Social Security Administration Office of Disability Adjudication and Review, the Administrative Law Judge observed that Plaintiff himself attributed his 'numerous depressive symptoms' to a motor vehicle accident." Def.'s Surreply, ECF No. 33-2 at 5.

anticipated if a party's identity is disclosed." (citing *Plaintiff B*, 631 F.3d at 1318); *Cabrera*, 307 F.R.D. at 6 (finding that if the court denied the plaintiff's request to proceed anonymously, it "would risk undermining the psychological treatment the plaintiff has already undergone since the alleged incident and potentially retard the progress the plaintiff has made"). Because the Court finds that Plaintiff may suffer psychological harm if the Court denies his request, the Court need not address Plaintiff's claims regarding the possibility of retaliatory harm to third parties. *See Cabrera*, 307 F.R.D. at 6 ("A plaintiff need not show both a risk of retaliatory physical harm and mental harm—either is sufficient.").

The third factor—Plaintiff's age—does not weigh in favor of Plaintiff. "Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." *Id.* at 7. While Plaintiff suffered the alleged abuse while he was a minor, he is now 40 years old. The Court is mindful of Plaintiff's claim that the alleged abuse has caused him to remain in a "vulnerable state throughout his lifetime." Pl.'s Reply, ECF No. 32 at 13. However, given Plaintiff's age, "the concern that courts display for children of a tender age and their vulnerable status does not currently apply." *Rose v. Beaumont Indep. School Dist.*, 240 F.R.D. 264,

268 (E.D. Tex. 2007) (finding that this factor did not weigh in favor of anonymity where plaintiff was not a minor, though the incident at issue had occurred while she was a minor).

The fourth factor—whether the action is against a governmental or private party—also does not favor Plaintiff. "There is nothing self-evident about favoring or not favoring anonymity based upon the defendant being either a government or private party." *Teti*, 2015 WL 6689862, at *3. While some courts have found that a suit against a private entity is a factor that weighs against permitting a plaintiff to proceed anonymously, others have also determined that it bears little to no weight in the court's analysis. *See id.* "Ultimately, the fact that a defendant is a governmental entity [or a private entity] does not alone present more of a reason to allow a plaintiff to file a complaint anonymously." *Id.*; *but see Chao*, 587 F. Supp. 2d at 99 n.9 ("When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." (alteration in original)). Here, however, Plaintiff's suit is against private litigants and implicates reputational interests for Defendants to protect. While the Court recognizes that this case involves matters of great sensitivity to Plaintiff, the Defendants have also been publicly accused of committing serious crimes. And

while Plaintiff argues that Defendants' overall reputational
interest is diminished in view of recent news articles and the
Pennsylvania grand jury investigation reporting on the alleged
institutional cover-up of abuse within the Catholic Church,[7] *see*
Pl.'s Reply, ECF No. 32 at 15 & n.2; the nature of at least one
of Plaintiff's claims has not been previously publicly reported.[8]
Thus, the Court finds that this factor does not weigh in favor
of granting Plaintiff's request.

Finally, the fifth factor—the risk of unfairness to
Defendants—weighs in favor of allowing Plaintiff to proceed
anonymously. Mr. Wuerl argues that he "is at a significant
disadvantage in defending this case both in the public eye and
in the courtroom." Def.'s Opp'n, ECF No. 13 at 22. Mr. Wuerl
argues that it "defies 'basic fairness'" to allow Plaintiff to
proceed anonymously when Plaintiff has brought such serious
allegations that negatively affect Mr. Wuerl's reputation. *Id.*
He also argues that "Plaintiff's anonymity would make it more

---

[7] The Court takes judicial notice of the existence of the news
articles and Pennsylvania Grand Jury Report that Plaintiff cites
in his Complaint and motion papers. *See Sandza v. Barclays Bank
PLC*, 151 F. Supp. 3d 94, 113 (D.D.C. 2015) (court may take
judicial notice of newspaper articles for the fact that they
contain certain information but may not accept the articles for
the truth of their assertions).
[8] For example, the Court is unaware—and Plaintiff provides no
example—of any previous claim or report until Plaintiff's
lawsuit that Mr. Wuerl "witnessed or participated in any way in
any sexual misconduct." Def.'s Surreply, ECF No. 33-2 at 8.

difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff." *Id.* (quoting *Doe v. Skyline Automobiles*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019)).

The Court, however, concludes that it would not be unfair to the defendants if Plaintiff continued under pseudonym for pretrial purposes. "Courts generally find little to no risk of unfairness to an accused defendant in sexual assault cases where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Cabrera*, 307 F.R.D. at 8 (collecting cases). Here, the identity of Plaintiff is already known to each of the Defendants, including Mr. Wuerl. *See* Pl.'s Reply, ECF No. 32 at 17. This fact weighs in favor of allowing Plaintiff to proceed anonymously. *See Doe v. U.S. Dep't of State*, No. 15-cv-1971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (finding that the defendants "likely will not be prejudiced by Doe filing pseudonymously, because both have 'long been in possession of Plaintiff's SIV application and are fully apprised of all relevant information related to Plaintiff'"); *E.E.O.C. v. Spoa, LLC*, No. 13-1615, 2013 WL 5634337, at *3-4 (D. Md. Oct. 15, 2013) (stating that where defendant knew plaintiff's identity, defendant was not prejudiced because it was "fully capable of investigating and responding to [the

26

plaintiff's] allegations"); *De Amigos*, 2012 WL 13047579, at *3 (concluding any unfairness in conducting third-party discovery "minimal" to the defendant where the plaintiff "already disclosed her identity" to the defendant). Furthermore, Plaintiff has not requested any limitations on the Defendants' ability to conduct discovery in this case; rather, Plaintiff's request is limited to asking that his identity not be revealed in public Court filings or on the case caption. *See Cabrera*, 307 F.R.D. at 8-9 (dismissing defendant's argument that "plaintiff has unfairly shielded herself from witnesses who might come forward with valuable evidence about the [p]laintiff's allegations or her credibility generally" as conjectural (quotation marks and alterations omitted)); *see also Doe v. Evans*, 202 F.R.D. 173, 176-77 (E.D. Pa. 2001) (allowing plaintiff to proceed via pseudonym, but denying plaintiff's motion for protective order and instead urging defendants "to remain sensitive to plaintiff's desire for anonymity and encourag[ing] the parties [to] discuss ways in which to accomplish this goal"). Thus, the Court concludes that any unfairness to Mr. Wuerl in conducting discovery would be minimal.

Accordingly, considering the sensitive and highly personal nature of Plaintiff's claims, the risk of psychological harm to Plaintiff if his name is made public, and the minimal unfairness

that Plaintiff's request would cause Mr. Wuerl, the Court concludes that Plaintiff has demonstrated a legitimate basis for proceeding anonymously.

## III. Conclusion

For the reasons stated above, Mr. Wuerl's motion for leave to file a surreply, ECF No. 33; and Plaintiff's request to proceed via pseudonym, ECF No. 5, are **GRANTED.**

**SO ORDERED.**

**Signed:**   **Emmet G. Sullivan**
            **United States District Judge**
            **February 12, 2021**